IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jarrod Rashad Sanders, ) | |
| ) | Civil Action No. 8:06-278-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Sheriff Al Cannon, ) | |
| Police Chief NFN Zumalt, ) | |
| Officer David Blackwell, ) | |
| Officer Jeremy Dalton, ) | |
| Officer J. Burnem, ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 30, 2006, seeking damages for alleged civil rights violations while he was a pretrial detainee. On May 16, 2006, the defendants moved for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion.[1]  On November 2, 2006, the plaintiff filed a response opposing the defendants' summary judgment motion.

## FACTS PRESENTED

On January 26, 2005, the plaintiff participated in an undercover drug deal in North Charleston.[2] After the sale, the agents attempted to arrest the plaintiff as he was riding away on his bicycle.  The plaintiff acknowledges that he fled through some woods after the officers' car pulled up beside him. (Compl. at 3.) However, he contends he did not know they were police officers.  (*Id.*)  He states he fled because he thought the officers were attempting to rob him.  (*Id.*)

The plaintiff states he was wrestled to the ground while being told he was under arrest. (Pl.'s Aff. ¶ 1.)  He states that while lying face down on the ground, the defendants violently beat him on his back, shoulders, and head.  (*Id* . ¶ 2.) He also alleges the defendants kicked him and struck him with "some elongated object."  (*Id.*)  He further alleges he was kicked in his left eye after he had been handcuffed.  *(Id*. at ¶4.)  He alleges that the blows lasted for thirty seconds while he was being handcuffed and then continued

---

[1]The court entered this *Roseboro* order on May 17, 2006.  The plaintiff failed to respond and in a report and recommendation filed August 18, 2006, the undersigned recommended the case be dismissed for failure to prosecute.  (Docket Entry # 14.)  On September 5, 2006, the plaintiff objected to the report contending he had not received the *Roseboro* order.   (Docket Entry # 18.)  On September 29, 2006, United States District Judge Henry Floyd ordered that the plaintiff be re-served with the defendants' summary judgment motion and the *Roseboro* order and be given 34 days within which to respond and remanded the defendants' summary judgment motion to the undersigned. (Docket Entry # 19.)

[2]The undercover buy was recorded on video and audio tape. (Defs.' Mem. Supp. Summ. J. Mot. at 1.)

2

for a full minute after the handcuffing had been accomplished. (*Id*. at ¶ 5.) He denies that he resisted being arrested. (Id. at ¶ 8.)

The defendants contend that the plaintiff resisted being arrested and struggled with defendant Officer Burnem during which time the plaintiff grabbed Officer Burnem's handgun which was in its holster. (Dalton Aff. ¶ 5; Burnem Aff. ¶ 5; Dalton Aff. ¶ 5 .) In an attempt to get the plaintiff to release his grip on the handgun, the defendants state that Officer Burnem struck the plaintiff. (*Id.*) The defendants state the plaintiff continued to struggle and resist and refused to listen to commands. (*Id.*) After several minutes of continued resistance and struggle, the defendants state they were able to handcuff the plaintiff. (*Id*.)

The plaintiff was charged with distribution of crack cocaine, distribution of crack cocaine within one-half mile of a school, and resisting arrest. (Defs'. Mem. Supp. Summ. J. Mot. at 5.) He recently pled guilty to the drug charges. (*Id*.) Immediately following his arrest, the plaintiff was transported by Emergency Medical Services to St. Francis Hospital where he was treated and released to Charleston County Detention Center. (Defs.' Mem. Supp Summ. J. Mot. Ex. A.)

The medical records reveal the plaintiff had contusions on his face, chest, and shoulder. (*Id.*) It was noted he had "no visual disturbance." (*Id.*) His wounds were cleaned and he was told to apply ice locally, take Tylenol or Advil as needed for pain. (*Id.*) He was released the same night. (Defs.' Mem. Supp Summ. J. Mot. Ex. A.) He was seen

two days later in the emergency room complaining about the injury to his eye.[3]  (*Id.*)  He was diagnosed with a mild subconjunctival hemorrhage to the left eye and again it was noted he had no visual disturbance.  He was advised to continue Ibuprofen and prescribed Loratab.  (*Id.*)

The plaintiff alleges the police officers who arrested him used excessive force in effectuating his arrest.  The plaintiff seeks an article in the Post and Courier clearing his name and punitive damages for pain and suffering and mental anguish.

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury

---

[3] The medical records include a note which states that on the plaintiff's first visit he specifically denied the involvement of any weapons but on his return to the hospital he claimed he was struck with a nightstick or flashlight.  (Pl.'s Mem. Opp. Summ. J. Mot. Ex.)

4

might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION[4]

**DEFENDANTS SHERIFF AL CANNON AND POLICE CHIEF ZUMALT**

The defendants Sheriff Cannon and Police Chief Zumalt should be granted summary judgment. The complaint contains no specific allegations against these defendants and,

---

[4]To the extent the plaintiff intended his request for an article in the newspaper exonerating him as a claim, such a claim would necessarily attack the validity of his criminal convictions and is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

to the extent the plaintiff could rely on the doctrine of supervisory liability, the plaintiff has failed to make any showing of supervisory liability. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.), cert. denied, 502 U.S. 828 (1991); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). As the plaintiff has failed to make any allegations directed at these two defendants, the plaintiff has failed to state any claim against them. Accordingly, defendants Cannon and Zumalt should be granted summary judgment.

Additionally, to the extent that the plaintiff is alleging a claim based upon an official policy or custom (Pl.'s Aff. ¶ 9), there is no evidence that the defendants' alleged actions resulted from any "policy, custom, or usage" of the Sheriff's Office or Police Department, as is required to establish municipal liability under § 1983. *See Monell v. Dep't of Soc. Sers.*, 436 U.S. 658, 694 (1978)(to hold municipality liable under § 1983, alleged injury must stem from a policy, custom, or usage of the municipality ); *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir.1994)(outlining "stringent" requirements for imposition of

6

municipal liability). Accordingly, summary judgment should be granted to defendants Cannon and Zumalt.

**DEFENDANTS BLACKWELL, DALTON AND BURNEM**

The remaining defendants, Blackwell, Dalton, and Burnem, are the officers who were actually involved in the plaintiff's arrest. The plaintiff alleges an excessive use of force claim against these defendants. Because the plaintiff alleges excessive force was used by the defendants prior to his arrest and continued after his arrest, two different analyses must be used. *Riley v. Dorton*, 115 F.3d 1159, 1163-64 (4th Cir.1997)(en banc)(rejecting concept of a Fourth Amendment "continuing seizure").

Prior to an arrest, excessive force allegations are properly scrutinized under a Fourth Amendment objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1985) (holding "all claims that law enforcement officers have used excessive force -deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."). The Court must consider the totality of the circumstances, including 'whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396. The court must also consider the extent of the injuries caused to the plaintiff. *See Jones v. Buchanan*, 325 F.3d 520, 530-31 (4th Cir.2003) (internal citations omitted); *see also Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir.2002).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Id*. In *Graham*, the Supreme Court clarified that:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, . . . violates the Fourth Amendment. [Rather,] the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain and rapidly evolving-about the amount of force that is necessary in a particular situation.

490 U.S. at 396-97 (quotations and citation omitted). Ultimately, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*.

Here, from the officers' perspective, after participating in an undercover drug buy, the plaintiff fled from officers who were attempting to arrest him. The defendants state the plaintiff attempted to take defendant Burnem's gun. (Dalton Aff. ¶ 5; Burnem Aff. ¶ 5; Dalton Aff. ¶ 5 .) The defendants state in their affidavits that they considered the plaintiff to be a danger to them and any individuals who might have been in the surrounding area.(Dalton Aff. ¶ 6; Burnem Aff. ¶ 6; Dalton Aff. ¶ 6. ) Furthermore, the plaintiff acknowledges he ran into the woods and the officers told him he was being arrested while he was being wrestled to the ground. (Pl.'s Aff. ¶ 1.) Additionally, the court has considered the extent of the plaintiff's injuries, several contusions and a black eye. After considering the totality of the circumstances, it is clear the officers reasonably sought to limit the

plaintiff's access to the defendant Burnem's gun by striking the plaintiff.[5]  It is easy in hindsight to speculate as to whether the amount of force used to effect the plaintiff's arrest was necessary.  However, the undersigned does not find that the evidence before the court is sufficient to create a genuine issue of fact as to whether the amount of force used was more than was minimally required under the circumstances, especially in light of the plaintiff's own admissions that he fled from the officers after participating in a drug deal and was thereby obviously resisting being taken into custody.

The plaintiff also contends that excessive force was used after his arrest.  The defendants, however, contend the plaintiff was not struck after he was handcuffed. Taking the facts as alleged by the plaintiff and assuming for the purposes of this summary judgment motion that the defendants continued to strike the plaintiff after he was arrested, the analysis changes.

As discussed above, these post-arrest allegations are not analyzed under the Fourth Amendment.  *Woods v. Cashier*, 2006 WL 2385275 n. 5 (D.S.C. 2006)(holding "[o]nce an arrest has been effected, any excessive force claims are analyzed under the Fourteenth Amendment, which protects a pretrial detainee from the use of excessive force that amounts to punishment.") The Fourth Amendment governs only those claims of

---

[5]The defendants argue the plaintiff fails to establish that his injuries were more than de minimis, and thus fails to establish injury sufficient to satisfy a constitutional threshold. However, the requirement of more than de minimis injury relates to the separate analysis applied to pretrial detainees under the Due Process Clause of the Fourteenth Amendment and prisoners under the Eight Amendment. *See Mickle v. Ahmed*, 444 F.Supp.2d 601 (D.S.C. 2006)(holding an Eighth Amendment analysis is not relevant to plaintiff's excessive force claims against arresting officer). As discussed herein, the plaintiff's claims in this case flow from the Fourth Amendment until his arrest was effectuated and thereafter they are analyzed under the Fourteenth Amendment.

excessive force occurring at the time of arrest and claims of excessive force alleged to have occurred afterwards are governed by the Fourteenth Amendment standard applicable to pre-trial detainees. *Riley*, 115 F.3d 1159. In *Riley*, the Fourth Circuit also rejected the "arresting officer" rule. 115 F.3d at 1159. Under the arresting officer rule, the Fourth Amendment standard applies to the entire period where the arrestee remains in the custody of the arresting officer. *See Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir.1989) (holding "Fourth Amendment standard probably should be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody (sole or joint) of the arresting officer"); *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir.1988) (holding Fourth Amendment seizure "continues throughout the time the person remains in the custody of the arresting officers"); *Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir.1985) (holding "once a seizure has occurred, it continues throughout the time the arrestee is in the custody of the arresting officers"). Here, the plaintiff's excessive force claims which he alleges occurred after his arrest (i.e. handcuffing) should be analyzed under the Fourteenth Amendment.

A Fourteenth Amendment claim of excessive force exists where the defendant "inflicted unnecessary and wanton pain and suffering" on an arrestee or pretrial detainee, and where the force was applied "maliciously and sadistically for the very purpose of causing harm." *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998). However, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir.1994) (en banc)(citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). Extraordinary circumstances are present when "the force used [is] of a sort repugnant to the conscience

10

of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." *Id.* at 1263 n. 4 (internal citations and quotation marks omitted).

The defendants argue the plaintiff has failed to establish that his injuries were more than de minimis, and that the plaintiff accordingly has failed to establish injury sufficient to satisfy a constitutional threshold. The court agrees. The plaintiff in *Riley* was a pretrial detainee awaiting booking at the police station who complained that he experienced pain when defendant handcuffed him too tightly, he feared for his safety after defendant placed the tip of a pen in his nose and threatened to rip it open, he sustained a welt on his face after defendant slapped him, and he suffered from depression and nightmares as a result of defendant's treatment of him. 115F.3d at 1167. The court concluded that the plaintiff's injuries were de minimis, noting that the record "fail[ed] to bear out Riley's allegation of injury." *Id.*

Likewise, here, the record fails to bear out the plaintiff's allegation of injury. In his memorandum opposing the defendants' summary judgment motion, the plaintiff refers to the medical records and two photographs as corroborating his injuries. (Pl.'s Mem. Opp. Summ. J. Mot. at 4.) The medical records reveal that after his arrest the plaintiff was transported to the emergency room where he was treated and released." (Defs.' Mem. Supp. Summ. J. Ex. A.) It was noted that he had contusions on his head, face, chest and left shoulder and he had "no visual disturbance. (*Id.*) He was told to apply an ice pack locally and take Tylenol or Advil for pain. (*Id.*) Two days later, the plaintiff returned to the emergency room complaining about his left eye injury and headaches. It was noted he had a "mild subconjunctival hemorrhage" on his left eye. (*Id.*) He was told to continue with the Ibuprofen and prescribed Loratab. (*Id.*) Again, it was noted he had no visual disturbance.

11

At best, the plaintiff suffered some bruising and a black eye which are the kind of injuries categorized as de minimis. *See Taylor*, 155 F.3d at 484 (holding "temporary swelling and irritation is precisely the type of injury this Court considers de minimis."); *Stanley v. Hejirika*, 134 F.3d 629, 637-38 (4th Cir.1998) (holding "bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted de minimis injury). On these facts, no reasonable jury could conclude that the plaintiff's injuries were more than de minimis. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,* 248 (1986) (holding that summary judgment is appropriate "if the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party"). Furthermore, the plaintiff has not alleged any extraordinary circumstances. Accordingly, the court finds the plaintiff's injuries are de minimis and the defendants' motion for summary judgment should be granted.[6]

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' motion for summary judgment be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 22, 2006
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[6]Additionally, it appears that the defendants would be entitled to the defense of qualified immunity as there is no evidence to suggest that the defendants' conduct constituted a violation of clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).